# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO QUINTO SOTO-ANGULO,<br><br>        Petitioner,<br><br>  v.<br><br>CHARLES DEROSA,<br><br>        Respondent. | 1:07-cv-01566-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AND DENY PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on October 26, 2007. (Doc. 1). The petition alleges that Petitioner pleaded guilty and was convicted of a violation of 21 U.S.C. §§ 952, 960 (importation of cocaine) in the United States District Court for the Southern District of California. (Doc. 1, p. 2).[1] Petitioner does not allege that he appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit.

Petitioner now brings this habeas petition alleging that the trial court had, but failed to exercise, discretion to make a downward departure from the sentencing guidelines conditioned upon Petitioner's willingness to cooperate in his removal, presumably once his sentence had been fully served. (Doc. 1, p. 3).

---

[1] Petitioner does not indicate either the date of his conviction or the length of the sentence imposed by the Southern District. However, he references an "Attorney Memorandum" related to sentencing that is dated April 28, 1995. (Doc. 1, p. 3). Thus, the Court infers that Petitioner was sentenced in or around 1995.

1

As indicated more fully below, the Court determines that Petitioner is challenging his original sentence, and therefore the claim should have been brought in the sentencing court as a motion pursuant to 28 U.S.C. § 2255. Thus, the Court will recommend that the instant petition be dismissed so that Petitioner can pursue his remedies in a motion under 18 U.S.C. § 2255.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir.1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of his sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner appears to be challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. Petitioner has filed his petition on a form indicating it is pursuant to § 2241 and claims he is challenging not the legality of his sentence but its execution, i.e., the failure of the sentencing court to "consider a U.S. law which entitled the defendant a reduction of his sentence for the mitigates [sic] circumstances because his status as deportable alien." (Doc. 1, p. 5). A close

1  reading of Petitioner's claim, however, has satisfied the Court that, despite his contentions to the
2  contrary, Petitioner is in fact challenging the trial judge's sentence based upon the judge's failure
3  to exercise his discretion to make a downward departure from the sentencing guidelines based on
4  Petitioner's status as a deportable alien and his willingness to cooperate in his removal.  A
5  petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what
6  Petitioner calls the petition.  See Brown, 610 F.2d at 677.

7         In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
8  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
9  to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
10 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an
11 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
12 exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; see
13 Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to
14 render § 2255 inadequate.); Tripati, 843 F.2d at 1162-1163 (a petitioner's fears of bias or
15 unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d
16 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

17        The Ninth Circuit has also provided little guidance on what actually constitutes
18 "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other]
19 circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and
20 thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually
21 innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed
22 procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-1060 (citing Lorentsen v. Hood,
23 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to
24 show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83
25 (9th Cir. 1963).

26        In his petition, Petitioner has not alleged that § 2255 is either inadequate or ineffective;
27 rather, he indicates, rather cryptically, that he did not file a § 2255 motion because he "did not
28 wish to attack the legalty [sic] of his sentence, but the manner and its application...." (Doc. 1, p.

3

5).  . Petitioner makes no claim that he is either factually innocent or that he has not has an "unobstructed procedural shot" at presenting his arguments in the United States District Court for the Southern District of California.  Indeed, Petitioner has not alleged that he has previously attempted to file a motion pursuant to § 2255 in that Court.

Petitioner fails to appreciate the distinction between challenging his sentence and challenging the execution of that sentence.  Here, he is clearly challenging the sentence itself because he is attacking the sentencing court's failure to exercise its sentencing discretion when fashioning the original sentence in this case.  Nothing about Petitioner's claim involves the manner in which the sentence is being executed by the Bureau of Prisons.  Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

Thus, the petition should be dismissed on the grounds that no relief under § 2241 can be afforded.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED because Petitioner's claim does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The District Judge will

---

[2] A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where Petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Southern District of California. Thus, that court is the proper venue for filing a motion pursuant to § 2255.

4

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2007**                                      **/s/ Theresa A. Goldner**
                                                                                        UNITED STATES MAGISTRATE JUDGE